[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER
The plaintiff brings this appeal from a decision of the defendant Medical Examining Board (Board) which revoked his license to practice medicine in this state. He has served written interrogatories on the individual members of the Board, and the Board, by this motion, seeks to exempt those members from answering them.
In his appeal, the plaintiff alleges that three out of the four Board members who conducted the hearings on the revocation of his license had resigned from the Board by the time it met to vote on the final decision. In the interrogatories, the plaintiff inquires whether each voting Board member read the full record of the case before voting and whether and to what extent the Board members are expert in the area of psychotherapy in which the plaintiff practiced. CT Page 8770 The plaintiff claims that this information is necessary order to demonstrate "procedural irregularity" and also to prove that the Board "acted arbitrarily, capriciously, and ignored substantial expert opinion." He cites Adriani v. Commission on Human Rights and Opportunities, 220 Conn. 307
(1991); in support of his position.
The plaintiff's argument that answers to the interrogatories are necessary in order to prove that the Board erred in its evaluation of the evidence which was produced at the administrative hearing cannot be sustained. There is no general right, such as the plaintiff claims here, of pretrial discovery in administrative proceedings. Pet v. Department of Health Services et al, 207 Conn. 346, 357 (1988). Furthermore, the issue on appeal is whether there is reliable, probative, and substantial evidence in the record to support the findings and conclusions that the Board made in support of its decision. General Statute 4-183 (g) (Rev'd to 1987). In evaluating that evidence, the Board members were entitled to employ whatever experience, technical competence and specialized knowledge that they possessed. General Statutes4-178 (Rev'd to 1987). That statute is general and essentially permissive in nature. There is nothing in the law, however, which requires that any Board member be trained in the particular branch or area of psychotherapy practiced by the plaintiff in order to decide his case. See General Statutes20-8a concerning the composition of the Board. Accordingly, interrogatories on the subject of the Board members' special expertise in the areas of psychotherapy practiced by the plaintiff would serve no legally relevant purpose.
Likewise, the plaintiff's contention that the interrogatories are necessary in order to uncover and prove procedural irregularities is not sustainable. The claim of procedural irregularities is based on the uncontroverted fact that Board members who had not been present at the hearings or read the record voted on the decision to revoke the plaintiff's license. However, it is also undisputed that the procedures set forth in General Statutes 179 (Rev'd to 1987) were followed by the defendant Board in this case. That Statute implicitly permits members of an agency who have not been present at the hearing, and who have not read the record, nevertheless to vote on the final decision; provided, of course, the requirements of the statute are satisfied. Accordingly, the facts which the interrogatories seek to elicit would not indicate "procedural irregularities" under the general statutes. The interrogatories would not, therefore, lead to evidence admissible at the hearing on this appeal under General Statutes 4-183 (f) (Rev'd to 1987). The plaintiff's citation of Adriani v. CHRO, supra, is inapposite. That case CT Page 8771 involved allegations of conduct by board members which, unlike the conduct alleged in this case, would have constituted procedural irregularities.
Although the court is constrained to rule in favor of the defendant on the motion presented here, the court's decision does not reach the issue raised by the appeal concerning the constitutionality of General Statutes 179 (Rev'd to 1987) as applied in the plaintiff's case. The decision on that issue is deferred until the appeal itself is heard by the court.
The defendant's motion for a protective order concerning the interrogatories is granted.
MALONEY, J.